UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON WINEKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02285-JPH-DLP |
| | ) |
| UNITED STATES PATENT AND | ) |
| TRADEMARK OFFICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jason Wineke, brought this claim in Marion County, Indiana small claims court against Defendant, the United States Patent and Trademark Office ("USPTO"). Dkt. 5-1 at 1. The USPTO removed the case to this Court, dkt. 1, and filed a motion to dismiss, dkt. [7]. Because this Court lacks jurisdiction, that motion is **GRANTED**.

I.
Facts and Background

Because the USPTO has moved for dismissal under Rule 12(b)(1), the Court "accept[s] all facts stated in the complaint as true and draw[s] all reasonable inferences in [Plaintiff's] favor." *Scott Air Force Base Props., LLC v. Cty. of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008).

Plaintiff's factual allegations consist of one sentence:

> Plaintiff complaints of the Defendant(s) and say that the Defendant is indebted to the Plaintiff in the sum of $7,500 because claiming they didn't get my forms and payments in time, mental anguish, I still owe them more money, even though they won't show me why, discriminated on disabilit[ies], etc.

1

Dkt. 5-1 at 3.

The complaint was filed in Marion County, Indiana small claims court, then removed to this Court. Dkt. 1. After removal, the USPTO filed this motion to dismiss for lack of subject matter jurisdiction. Dkt. [7].

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction. When faced with a 12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). The Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in the plaintiff's favor. *Id.*

## III.
## Analysis

The USPTO argues that Mr. Wineke's complaint does not specify whether it relates to a patent or trademark application, but that it must be dismissed either way for lack of jurisdiction. Dkt. 8 at 2–4. Mr. Wineke's response does not clarify the basis for his claim. *See* dkt. 22. However, an attachment to Mr. Wineke's complaint alleges that the USPTO had failed to contact him "about [his] patent invention," dkt. 1-1 at 3, so the Court construes Mr. Wineke's claim as related to a patent application.

"[S]overeign immunity shields the Federal Government and its agencies from suit" unless they consent to be sued.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The USPTO has consented to suit for patent claims, but only in certain jurisdictions and only after certain administrative steps have been taken:

- If a patent claim "has been twice rejected," the applicant "may appeal from the decision of the primary examiner to the Patent Trial and Appeal Board."  35 U.S.C. § 134(a).
- Then, an applicant who "is dissatisfied" with the Patent Trial and Appeal Board's final decision, may either appeal to the United States Court of Appeals for the Federal Circuit, 35 U.S.C. § 141(a), or bring a civil action in the United States District Court for the Eastern District of Virginia, 35 U.S.C. § 145.

*Fleming v. Coward*, 534 Fed. App'x 947, 950 (Fed. Cir. 2013) (explaining the sovereign immunity waiver in patent cases).  If a plaintiff fails to exhaust those administrative remedies, federal courts lack jurisdiction over a patent suit.  *Id.*

Here, Mr. Wineke has not alleged or shown that he has been twice rejected by the USPTO, or that he has appealed to the Patent Trial and Appeal Board.  *See* dkt. 5-1.  His complaint therefore must be dismissed for lack of jurisdiction.  He **shall have through September 10, 2021** to file an amended complaint that establishes this Court's jurisdiction.  Any amended complaint must also explain why this case can proceed in the Southern District of

Indiana.  *See* 35 U.S.C. § 145.  If Mr. Wineke does not respond, the Court will dismiss this case without prejudice for lack of jurisdiction.[1]

## IV.
## Conclusion

The USPTO's motion to dismiss is **GRANTED**, dkt. [7]; Mr. Wineke's complaint is **DISMISSED**.  He shall have until **September 10, 2021**, to file an amended complaint establishing this Court's jurisdiction.

**SO ORDERED.**

Date: 8/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON WINEKE
1305 N. Sycamore Ave.
Los Angeles, CA 90028

Jackson Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
taylor.kirklin@usdoj.gov

---

[1] Defendants also move for dismissal for improper venue under Rule 12(b)(3) and failure to state a claim under Rule 12(b)(6).  Because Mr. Wineke's complaint is dismissed for lack of jurisdiction, the Court does not rule on those issues.